IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 2:18-cv-04770-CDJ |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| et al., | : | |
| Defendants. | : | |

# MEMORANDUM

**SITARSKI, M.J.**                                                                June 24, 2021

Presently pending before the Court is Defendants' Motion for Sanctions to Compel Plaintiff's Response to Requests for Production of Documents and Production of Medical Records (Defs.' Mot. for Sanctions, ECF No. 66), Plaintiff's response thereto (Pl.'s Resp., ECF No. 67), and Defendants' reply (Defs.' Reply, ECF No. 72).[1] For the reasons that follow, Defendant's motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff Shenecqua Butt joined Defendant Philadelphia Housing Authority (PHA) through a pre-apprentice program in 2002. (Am. Compl., ECF No. 16, at ¶ 28). In mid-2003, she graduated from the program and joined the carpenters union. (*Id.* at ¶ 29). PHA then hired her through a contract with the union. (*Id.* at ¶ 30). PHA laid Butt off in 2005 but in 2008

---

[1] The Honorable C. Darnell Jones, II, referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 73).

[2] The background facts are taken from Plaintiff's amended complaint. (Am. Compl., ECF No. 16). The Court recites only those facts pertinent to the resolution of the instant motion.

rehired her through a contract with the union. (*Id.* at ¶¶ 30-32). In 2009, PHA hired her directly as a home inspector. (*Id.* at ¶ 37).

Butt alleges that PHA and the other defendants subjected her to racial and gender discrimination and retaliation for reporting the mistreatment and participating in earlier civil and Equal Employment Opportunity Commission (EEOC) proceedings against PHA. (*Id.* at ¶¶ 33, 35-36, 40-110, 125-26, 149-157, 182-204). She further alleges that they discriminated and retaliated against her after she suffered a disabling back injury while working on April 5, 2016. (*Id.* at ¶¶ 133-35). She contends that PHA permitted her to perform light duty as a reasonable accommodation for her "medical condition and back injuries" for just two weeks, even though it commonly allows other employees with medical conditions to perform light duty work for much longer periods. (*Id.* at ¶¶ 137-148).

In January 2017, PHA accused Butt of "voluntarily quitting her job" after she belatedly accepted a new offer of light duty, which she denies. (*Id.* at ¶ 158). She maintains that PHA terminated her due to race and gender discrimination and in retaliation for participating in civil and EEOC proceedings against it. (*Id.* at ¶¶ 160-62). Butt claims that Defendants' alleged conduct caused her "severe emotional distress, physical ailments, and/or exacerbation to any previous condition Plaintiff may have been suffering from," "regular panic attacks," "difficulty sleeping and eating," "serious and permanent personal injuries, including psychological injuries," and "anxiety, fear, and nightmares." (*Id.* at ¶¶ 166-68, 174-75). Butt brings claims against Defendants under 42 U.S.C. § 1981; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601; and the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1101 *et*

*seq.* (*Id.* at ¶¶ 205-65).

Butt filed her amended complaint, the operative complaint in this matter, on March 6, 2019. (*See generally id.*). Defendants answered on March 19, 2019. (Answer, ECF No. 17). On July 22, 2019, Defendants issued interrogatories and requests for production of documents (RFPs) to Butt. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 2). After Butt failed to provide the requested discovery, counsel exchanged several communications regarding its status, with Butt repeatedly representing that responses were forthcoming. (*Id.* at ¶¶ 4-10). On October 15, 2019, having still not received the discovery, Defendants filed a motion to compel. (*Id.* at ¶ 12; *see also* Defs.' Mot. to Compel, ECF No. 22). On October 21, 2019, I granted the motion and ordered Butt to answer the discovery requests within 20 days or face sanctions upon further application by Defendants. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 15; *see also* Order, ECF No. 24). Twenty days – November 10, 2019 – passed without Butt providing the ordered discovery responses. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 16). On November 11, 2019, Butt's counsel indicated that the responses would be provided the following day; they were not, so Defendants filed another motion to compel on November 13, 2019. (*Id.* at ¶ 19; *see also* Defs.' Mot. to Compel and for Sanctions, ECF No. 25).

On November 15, 2019, Butt responded to the discovery requests. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 20). In light of the responses, Defendants moved the same day to withdraw their motion. (*Id.* at ¶ 22; *see also* Defs.' Mot. to Withdraw, ECF No. 27). I granted the motion to withdraw on November 18, 2019. (*Id.* at ¶ 23; *see also* Order, ECF No. 28).

However, the discovery responses and associated document production did not include all the information and documents requested. Specifically, in response to interrogatory number 4, Butt failed to identify documents relating to all medical providers who have treated her over the

last ten years or provide executed HIPAA authorizations for Defendants to obtain these documents.[3] (*See* Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 32, 52; Pl.'s Resps. to Defs.' Interrogatories, ECF No. 66-8, at Resp. No. 4). In response to RFP numbers 52 and 64 seeking all documents relating to her medical conditions and disabilities, Butt referenced and produced only "documents sent to or received from Defendants' Department of Human Resources." (*See* Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 34-35; Pl.'s Resps. to Defs.' RFPs, ECF No. 66-9, at Resp. Nos. 52, 64). In response to RFP numbers 76 and 82 seeking documents relating to her "daily activities, mental facility and/or emotional condition" since 2009 and the "emotional distress" alleged in the amended complaint, Butt indicated, *inter alia*, that she would provide a report from her expert witness, Dr. Mark Richardson, and that she had requested responsive medical records. (*See* Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 24-25; Pl.'s Resps. to Defs.' RFPs, ECF No. 66-9, at Resp. Nos. 76, 82; *see also* Pl.'s Resps. to Defs.' Interrogatories, ECF No. 66-8, at Resp. No. 7).

On January 20, 2020, Defendants filed another motion to compel, seeking Richardson's report and the emotional distress documents. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 28; *see also* Defs.' Mot. to Compel, ECF No. 30). On January 27, 2020, I granted the motion and ordered Butt to produce the missing discovery within five days or face sanctions. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 29; *see also* Order, ECF No. 33). On January 29, 2020, Butt produced Richardson's report and limited medical records. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 30-31).

---

[3] Interrogatory number 4 asked Butt to "identify" all documents responsive to it and "attach" any medical reports. (Pl.'s Resps. to Defs.' Interrogatories, ECF No. 66-8, at Resp. No. 4).

On May 18, 2020, Defendants requested that Butt supplement her document production made in response to interrogatory number 4 and RFP numbers 52 and 64 or execute Health Insurance Portability and Accountability Act (HIPAA) authorizations for her medical providers so that Defendants could subpoena her records. (*Id.* at ¶ 37). Butt did neither. (*Id.* at ¶ 38). Instead, on August 18, 2020, her attorney forwarded two subpoenas to be served on two of her medical providers for records created since January 1, 2009. (*Id.* at ¶¶ 39-40). On September 9, 2020, because the subpoenas did not cover all the information and documents sought in interrogatory number 4 and RFP numbers 52 and 64, Defendants repeated their earlier request for Butt to supplement her responses and document production or execute HIPAA authorizations. (*Id.* at ¶¶ 41-42). Again, Butt did neither. (*Id.* at ¶ 43).

On September 23, 2020, Defendants filed a motion to compel Butt to supplement her answers and production or provide the requested authorizations. (*Id.* at ¶ 44; *see also* Defs.' Mot. to Compel, ECF No. 53). On November 23, 2020, I granted the motion and ordered Butt to produce the missing discovery within ten days or face sanctions. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 48; *see also* Order, ECF No. 63). However, despite multiple follow up communications from Defendants' counsel, Butt has failed to provide the missing discovery, as directed by the Court, or execute the HIPAA authorizations, even though Defendants' counsel has repeatedly provided the authorizations to her counsel. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 49-62).

On April 30, 2021, Defendants filed the instant motion. (*See generally id.*). In their motion, Defendants seek the requested medical documents or executed HIPAA authorizations within five days of the order granting their motion, as well as unspecified sanctions. (*Id.* at ¶¶ 71-72). Butt filed her response on May 15, 2021. (Pl.'s Resp., ECF No. 67). Defendants replied

5

on May 28, 2021. (Defs.' Reply, ECF No. 72).

## II. LEGAL STANDARD[4]

When a party from whom discovery is sought fails to comply with a court order compelling discovery, Rule 37 of the Federal Rules of Civil Procedure allow for the imposition of sanctions. The Rule provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

---

[4] Defendants style their motion as one "for sanctions to compel Plaintiff's response to requests for production of documents and production of medical records." (Defs.' Mot. for Sanctions, ECF No. 66, at 1). Defendants' motion is properly viewed as a motion for sanctions, not a motion to compel. I have already ordered the production of Butt's medical records requested in interrogatory number 4 and RFP numbers 52 and 64. On October 21, 2019, after Butt failed to provide responses to any of Defendants' interrogatories or RFPs, I ordered her to answer Defendants' discovery requests within 20 days or risk sanctions upon further application by Defendants. (Order, ECF No. 24). Butt responded to the requests, but Defendants identified deficiencies – the same deficiencies that remain at issue in the instant motion – in Butt's answers and document production in response to interrogatory number 4 and RFP numbers 52 and 64 and moved to compel Butt to correct them. (Defs.' Mot. to Compel, ECF No. 53, at ¶¶ 32-35, 41-42). On November 23, 2020, I granted Defendants' motion and ordered Butt to produce the missing discovery within ten days or face sanctions upon further application by Defendants. (Order, ECF No. 63). The instant motion constitutes Defendants' further application to the Court seeking sanctions for noncompliance with my order. (*See generally* Defs.' Mot. for Sanctions, ECF No. 66). The fact that Defendants also ask me to re-order the outstanding discovery does not transform the motion into a motion to compel.

> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"The purpose of Rule 37 sanctions is to: (1) ensure that a party will not benefit from its own failure to comply, (2) serve as a specific deterrent . . . , and obtain compliance with a particular Order issued, and (3) serve as a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). A court has broad authority to issue sanctions for failure to comply with discovery orders. However, the broad discretion to impose sanctions pursuant to Rule 37 is limited by the requirements that the sanctions be "just" and that they be "specifically related the particular claim which was at issue in the Order to provide discovery." *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) (further quotations omitted). In general, "courts should strive to select sanctions that are responsive to the nature of the violation, to the relative culpability of the mental state that accompanied the violation, and to the kind of harms the violation caused or threatens." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.41 (Matthew Bender 3d ed.).

## III. DISCUSSION

As noted in footnote 4, on November 23, 2020, I ordered Butt to produce the documents requested in interrogatory number and RFPs 52 and 64 within ten days or face sanctions upon further application by Defendants. (*See* Order, ECF No. 63). To date, Butt has failed to comply with this order. Thus, at a minimum, I must award reasonable expenses, including attorneys' fees, attributable to that failure, unless Butt was "substantially justified" in her noncompliance or an award of expenses would somehow otherwise prove "unjust." FED. R. CIV. P. 37(b)(2)(C). Courts have found substantial justification for a party's failure to comply with a discovery order where "its disobedience: (1) was based on a good faith and reasonable misunderstanding of its obligations pursuant to the order, (2) was only technical or at the periphery of the order, and caused other parties to suffer no prejudice, or (3) was attributable entirely to forces or circumstances beyond the party's control." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51 (Matthew Bender 3d ed.) (citing cases from the Supreme Court and Fourth and Ninth Circuit Courts of Appeals). Butt has the burden of demonstrating substantial justification. FED. R. CIV. P. 37(b)(2) advisory committee's note to 1970 amendment.

First, Butt's noncompliance did not result from a "reasonable misunderstanding" of her obligations. Defendants' motion to compel sought to force Butt to produce additional medical documents in response to five discovery requests, including the three that remain at issue in the instant motion, interrogatory number 4 and RFPs 52 and 64. (Defs.' Mot. to Compel, ECF No. 53, at ¶¶ 24-25, 32-35, 41-42). My November 23, 2020 order granted the motion to compel and directed Butt to "answer Defendants' discovery requests." (Order, ECF No. 63). There is no reasonable reading of this order that would justify Butt's failure to produce the documents covered by these discovery requests, especially because these requests were specifically at issue

8

in the underlying, granted motion to compel. (*See id.*). Indeed, in her response, Butt does not deny her obligation to provide these documents, at least in part. Rather, she indicates that she has been "trying" to obtain them and that she is willing to execute "targeted" HIPAA authorization forms so that Defendants can obtain documents related to her alleged emotional distress damages. (Pl.'s Resp., ECF No. 67, at 1).

Second, Butt's violation of the November 23, 2020 order was not "only technical," such that Defendants suffered "no prejudice" from it. *See* 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51. As just explained, Butt has failed to provide documents ordered produced by the Court – hardly a "peripheral" violation. *See id.* I also reject Butt's argument that medical documents pertaining to her physical condition only "relate[ ] to Plaintiff's workers compensation claim and not to the instant matter," thus rendering her noncompliance harmless. (Pl.'s Resp., ECF No. 67, at 2). In her amended complaint, Butt avers that she suffered a disabling back injury at work, but Defendants failed to accommodate her request for long-term light duty due to the disability. (Am. Compl., ECF No. 16, at ¶¶ 133-48). She also avers that Defendants discriminated against her due to this disability, and possibly others. (*Id.* at ¶ 147; *see also id.* at ¶¶ 4, 14 (referencing multiple unspecified "disabilities")). She alleges that as a result of these and other actions by Defendants she suffered not only emotional and mental problems, but also "physical ailments," exacerbation of existing unspecified conditions, "difficulty sleeping and eating," and "serious and permanent personal injuries." (Id. at ¶¶ 166, 168, 174). Thus, the facts as alleged by Butt place at issue her physical, in addition to her emotional, condition. Butt's failure to produce not only all emotional distress documents, but also those relating to her physical condition, may have impeded Defendants' ability to investigate the nature of her back injury and any other disabilities, the reasonableness of her request for long-term light duty to

accommodate her disabilities, her need for medical leave under the FMLA, and any physical injuries or symptoms allegedly stemming from Defendants' acts and omissions. Defendants have also had to reschedule Butt's deposition repeatedly due to her failure to produce these documents. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 9, 14, 18). Butt has not demonstrated that Defendants have suffered "no prejudice" from her noncompliance. *See* 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51.

Third, Butt's failure to produce the court-ordered discovery was not attributable to forces or circumstances beyond her control. *See id.* Although she represents that she has been "trying" to obtain the documents and that she has produced everything "received to date," she could have signed the HIPAA authorization forms Defendants repeatedly provided to her, thus permitting them to obtain the documents directly from her medical providers. (May 18, 2020 Ltr., ECF No. 66-11, at 1-2; Pl.'s Resp., ECF No. 67, at 1; Apr. 21, 2021 Email, ECF No. 66-18).

Nor do any of Butt's remaining arguments persuade me that there are "other circumstances [that] make an award of expenses unjust" in this matter. FED. R. CIV. P. 37(b)(2)(C). Butt suggests that Defendants somehow abandoned their demand for additional medical records after she provided them medical records on December 2, 2020, from Spectrum Health related to her emotional distress, but Defendants "did not mention medical records again until after the close of discovery" on December 30, 2020. (Pl.'s Resp., ECF No. 67, at 3). However, Butt ignores the fact that I had already ordered her – during the discovery period and upon threat of sanctions – to produce the discovery sought by Defendants. (Order, ECF No. 24; Order, ECF No. 63). Butt's partial document production of some responsive documents did not absolve her of her obligation to produce others, and Defendants were not required to re-raise the issue of her medical records for problems other than emotional distress – raised repeatedly

10

throughout the discovery period as set forth in the instant motion – upon receipt of the partial production.[5] (*See generally* Defs.' Mot. for Sanctions, ECF No. 66).

Butt also complains that Defendants' counsel failed to meet and confer with her counsel before filing the instant motion. (Pl.'s Resp., ECF No. 67, at 1). According to Butt, "[a] meet and confer is not an email exchange" and "the parties should get on the phone and work this out."[6] (*Id.*). However, "there is no requirement in Rule 37(b) that a party try to secure the discovery through negotiations before filing a motion for sanctions. The requirement that a court already have ordered the discovery obviates the need for the meet and confer." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.40. Defendants were only required to comply with Local Rule 26.1(f), which provides: "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." E.D. PA. LOC. R. CIV. P. 26.1(f). Defendants' motion contains such a certification.

---

[5] In effect, Butt seeks to transfer responsibility for producing documents responsive to Defendants' discovery requests from herself to Defendants. She only has an obligation to produce missing documents, her argument implies, so long as Defendants persist in pursuing them. And if Defendants have not obtained the documents, it is only because they were not more dogged in attempting to force *her* to fulfill *her* discovery responsibilities – even if she is under a court order to produce the documents. Far from excusing Butt's flagrant noncompliance with her discovery obligations, this argument merely underscores it.

[6] Butt does not explain why her counsel could not have telephoned Defendants' counsel to "work this out," particularly where it is Defendants' counsel who has tried repeatedly for nearly two years to obtain this discovery from Butt. Butt also might have "work[ed] this out" after Defendants filed their motion by providing signed HIPAA authorizations instead of opposing the motion on the basis that she does not have to produce documents already ordered produced by the Court.

(Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 69). The motion and attached correspondence detail Defendants' extensive efforts to obtain the documents without court intervention.[7]

Accordingly, I conclude that Rule 37(b) requires an award of reasonable expenses. FED. R. CIV. P. 37(b)(2)(C). In determining the appropriate amount, I "must honor the basic premise that the amount of the sanction may not exceed the expenses that are reasonably attributable to the violation." *See* 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51[9][d] (citing *Martin v. Brown*, 63 F.3d 1252, 1263-1264, 1263 n.15 (3d Cir. 1995)). Here, after Butt violated my November 23, 2020 order by failing to produce the additional documents, Defendants' attorneys sent Butt's attorneys a letter seeking compliance with the order. (*See* Apr. 9, 2021 Ltr., ECF No. 66-14). After Butt still failed to comply, Defendants' attorneys were

---

[7] On May 18, 2020, Defendants emailed Butt a letter requesting that she supplement her document production in response to interrogatory number 4 and RFP numbers 52 and 64 or, in the alternative, execute enclosed HIPAA authorizations for Defendants to obtain the documents directly. (May 18, 2020 Ltr., ECF No. 66-11, at 1-2). Defendants advised that they would file a motion to compel if Butt did not comply within 10 days. (*Id.* at 2). Butt responded on August 18, 2020, by forwarding records subpoenas she intended to serve on two of her medical providers. (Aug. 18, 2020 Email, ECF No. 66-12). On September 9, 2020, Defendants emailed Butt another letter requesting that she supplement her document production or execute HIPAA authorizations because the proposed subpoenas only sought documents since 2019, and thus failed to cover the entire timeframe agreed to by the parties. (Sept. 9, 2020 Ltr., ECF No. 66-13, at 1-2). On April 9, 2021, Defendants emailed Butt another letter setting forth the aforementioned and related deficiencies and repeating their request for the missing documents. (Apr. 9, 2021 Ltr., ECF No. 66-14). Defendants again advised that it would file a motion to compel, including a request for sanctions, if Butt did not comply within 10 days. (*Id.* at 5).

On April 13, 2021, Butt responded that she had produced all responsive documents in her possession but also agreed to execute HIPAA authorizations. (Apr. 13, 2021 Email, ECF No. 66-15). On April 21, 2021, Defendants emailed Butt HIPAA authorizations for all medical providers identified to date and warned that it would file the instant motion to compel and for sanctions if Butt did not sign and return them within five days. (*See* Apr. 21, 2021 Email, ECF No. 66-18). Butt never did, even after the filing of the instant motion. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 43). Defendants' multiple attempts to obtain the discovery at issue – already ordered produced by the Court – more than satisfy the "reasonable effort" to resolve this dispute required by Local Rule 26.1(f).

forced to file the instant motion, a motion for leave to file a reply responding to Butt's opposition to the motion, and the reply itself. In light of the attorney fees undoubtedly associated with preparing these documents, I find that a modest award of $500, payable from Butt to Defendants, is warranted under Rule 37(b).

Defendants further request that I strike Butt's claims under the ADA, FMLA, PHRA and Philadelphia Fair Practices Ordinance as a sanction for her noncompliance. (Reply, ECF No. 70, at 5). If granted, this relief would leave Butt with only her claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act. (Am. Compl., ECF No. 16, at ¶¶ 205-15). At this juncture, I will decline to impose such a substantial sanction, because I conclude that a graduated imposition of sanctions will better further the purposes of Rule 37. *See Update Art, Inc.*, 843 F.2d at 71 (listing purposes behind the rule). Butt will "not benefit [from] her own failure to comply" with my earlier order because I shall order her, within five days, to provide Defendants with executed HIPAA authorizations. *See id.* The sanctions issued, coupled with the promise of additional monetary and non-monetary sanctions, up to and including striking of specific claims, should Butt not comply, is likely to "obtain compliance with [the] particular Order issued," as well as deter further violations in this and other cases. *See id.*

Accordingly, I grant Defendants' motion and order Butt, within five days, to sign and return to Defendants the HIPAA authorization forms they provided her on April 21, 2021. In addition, within 30 days, Butt shall pay Defendants $500 as reasonable expenses necessitated by her noncompliance with my November 23, 2020 order.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions is granted. Within five days of the date of this memorandum and the accompanying order, Butt shall provide Defendants with executed versions of the HIPAA authorization forms provided to her by Defendants on April 21, 2021. Additionally, I award Defendants $500 as reasonable expenses necessitated by her noncompliance with my November 23, 2020 order, payable by Butt within 30 days of the date of this memorandum and the accompanying order.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge