## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO.   2:18-cv-04770-CDJ |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                    **September 15, 2021**

Presently pending before the Court is Defendants' Second Motion for Sanctions[1] (Defs.'

Sec. Mot. for Sanctions, ECF No. 76), Plaintiff's response thereto (Pl.'s Resp., ECF No. 78), and

Defendants' reply (Defs.' Reply, ECF No. 82).[2]  For the reasons that follow, Defendant's motion

is **GRANTED IN PART** and **DENIED IN PART**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

Plaintiff Shenecqua Butt joined Defendant Philadelphia Housing Authority (PHA)

through a pre-apprentice program in 2002.  (Am. Compl., ECF No. 16, at ¶ 28).  In mid-2003,

she graduated from the program and joined the carpenters union.  (*Id.* at ¶ 29).  PHA then hired

---

[1]  The full name of Defendants' motion is "Defendants' Second Motion for Sanctions
Seeking Dismissal of Certain Counts and Claims of Plaintiff's Second Amended Complaint in
Light of Plaintiff's Failure to Comply with Multiple Court Orders Compelling Responses to
Requests for Production of Documents and Production of Medical Records."

[2]  The Honorable C. Darnell Jones, II, referred the matter to me for disposition pursuant
to 28 U.S.C. § 636(b)(1)(A).  (Order, ECF No. 80).

[3]  The background facts are taken from Plaintiff's amended complaint.  (Am. Compl.,
ECF No. 16).  The Court recites only those facts pertinent to the resolution of the instant motion.

her through a contract with the union.  (*Id.* at ¶ 30).  PHA laid Butt off in 2005 but in 2008

rehired her through a contract with the union.  (*Id.* at ¶¶ 30-32).  In 2009, PHA hired her directly

as a home inspector.  (*Id.* at ¶ 37).

Butt alleges that PHA and the other defendants subjected her to racial and gender

discrimination and retaliation for reporting the mistreatment and participating in earlier civil and

Equal Employment Opportunity Commission (EEOC) proceedings against PHA.  (*Id.* at ¶¶ 33,

35-36, 40-110, 125-26, 149-157, 182-204).  She further alleges that they discriminated and

retaliated against her after she suffered a disabling back injury while working on April 5, 2016.

(*Id.* at ¶¶ 133-35).  She contends that PHA permitted her to perform light duty as a reasonable

accommodation for her "medical condition and back injuries" for just two weeks, even though it

commonly allows other employees with medical conditions to perform light duty work for much

longer periods.  (*Id.* at ¶¶ 137-148).

In January 2017, PHA accused Butt of "voluntarily quitting her job" after she belatedly

accepted a new offer of light duty, which she denies.  (*Id.* at ¶ 158).  She maintains that PHA

terminated her due to race and gender discrimination and in retaliation for participating in civil

and EEOC proceedings against it.  (*Id.* at ¶¶ 160-62).  Butt claims that Defendants' alleged

conduct caused her "severe emotional distress, physical ailments, and/or exacerbation to any

previous condition Plaintiff may have been suffering from," "regular panic attacks," "difficulty

sleeping and eating," "serious and permanent personal injuries, including psychological

injuries," and "anxiety, fear, and nightmares."  (*Id.* at ¶¶ 166-68, 174-75).  Butt brings claims

against Defendants under 42 U.S.C. § 1981; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e

*et seq.*; the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq.*; the Americans

with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; the Family Medical Leave Act (FMLA),

29 U.S.C. § 2601; and the Philadelphia Fair Practices Ordinance, *Philadelphia Code* § 9-1101 *et seq.* (*Id.* at ¶¶ 205-65).

Butt filed her amended complaint, the operative complaint in this matter, on March 6, 2019. (*See generally id.*). Defendants answered on March 19, 2019. (Answer, ECF No. 17). On July 22, 2019, Defendants issued interrogatories and requests for production of documents (RFPs) to Butt. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 2). After Butt failed to provide the requested discovery, counsel exchanged several communications regarding its status, with Butt repeatedly representing that responses were forthcoming. (*Id.* at ¶¶ 4-10). On October 15, 2019, having still not received the discovery, Defendants filed a motion to compel. (*Id.* at ¶ 12; *see also* Defs.' Mot. to Compel, ECF No. 22). On October 21, 2019, I granted the motion and ordered Butt to answer the discovery requests within 20 days or face sanctions upon further application by Defendants. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 15; *see also* Order, ECF No. 24). Twenty days – November 10, 2019 – passed without Butt providing the ordered discovery responses. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 16). On November 11, 2019, Butt's counsel indicated that the responses would be provided the following day; they were not, so Defendants filed another motion to compel on November 13, 2019. (*Id.* at ¶ 19; *see also* Defs.' Mot. to Compel and for Sanctions, ECF No. 25).

On November 15, 2019, Butt responded to the discovery requests. (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 20). Defendants thus moved the same day to withdraw their motion. (*Id.* at ¶ 22; *see also* Defs.' Mot. to Withdraw, ECF No. 27). I granted the motion to withdraw on November 18, 2019. (*Id.* at ¶ 23; *see also* Order, ECF No. 28).

However, the discovery responses and associated document production did not include all the information and documents requested. Specifically, in response to interrogatory number 4,

Butt failed to identify documents relating to all medical providers who have treated her over the last ten years or provide executed HIPAA authorizations for Defendants to obtain these documents.[4] (*See* Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 32, 52; Pl.'s Resps. to Defs.' Interrogatories, ECF No. 66-8, at Resp. No. 4).  In response to RFP numbers 52 and 64 seeking all documents relating to her medical conditions and disabilities, Butt referenced and produced only "documents sent to or received from Defendants' Department of Human Resources." (*See* Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 34-35; Pl.'s Resps. to Defs.' RFPs, ECF No. 66-9, at Resp. Nos. 52, 64).  In response to RFP numbers 76 and 82 seeking documents relating to her "daily activities, mental facility and/or emotional condition" since 2009 and the "emotional distress" alleged in the amended complaint, Butt indicated, *inter alia*, that she would provide a report from her expert witness, Dr. Mark Richardson, and that she had requested responsive medical records.  (*See* Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 24-25; Pl.'s Resps. to Defs.' RFPs, ECF No. 66-9, at Resp. Nos. 76, 82; *see also* Pl.'s Resps. to Defs.' Interrogatories, ECF No. 66-8, at Resp. No. 7).

On January 20, 2020, Defendants filed another motion to compel, seeking Richardson's report and the emotional distress documents.  (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 28; *see also* Defs.' Mot. to Compel, ECF No. 30).  On January 27, 2020, I granted the motion and ordered Butt to produce the missing discovery within five days or face sanctions.  (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 29; *see also* Order, ECF No. 33).  On January 29, 2020, Butt produced Richardson's report and limited medical records.  (Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 30-31).

---

[4]  Interrogatory number 4 asked Butt to "identify" all documents responsive to it and "attach" any medical reports.  (Pl.'s Resps. to Defs.' Interrogatories, ECF No. 66-8, at Resp. No. 4).

On May 18, 2020, Defendants requested that Butt supplement her document production made in response to interrogatory number 4 and RFP numbers 52 and 64 or execute Health Insurance Portability and Accountability Act (HIPAA) authorizations for her medical providers so that Defendants could subpoena her records.  (*Id.* at ¶ 37).  Butt did neither.  (*Id.* at ¶ 38). Instead, on August 18, 2020, her attorney forwarded two subpoenas to be served on two of her medical providers for records created since January 1, 2009.  (*Id.* at ¶¶ 39-40).  On September 9, 2020, because the subpoenas did not cover all the information and documents sought in interrogatory number 4 and RFP numbers 52 and 64, Defendants repeated their earlier request for Butt to supplement her responses and document production or execute HIPAA authorizations.  (*Id.* at ¶¶ 41-42).  Again, Butt did neither.  (*Id.* at ¶ 43).

On September 23, 2020, Defendants filed a motion to compel Butt to supplement her answers and production or provide the requested authorizations.  (*Id.* at ¶ 44; *see also* Defs.' Mot. to Compel, ECF No. 53).  On November 23, 2020, I granted the motion and ordered Butt to produce the missing discovery within ten days or face sanctions.  (Defs.' Mot. for Sanctions, ECF No. 66, at ¶ 48; *see also* Order, ECF No. 63).  However, despite the Court's directive and multiple follow up communications from Defendants' counsel, Butt failed to provide the missing discovery or execute the six HIPAA authorizations, even though Defendants' counsel had repeatedly provided them to her counsel.  (Defs.' Mot. for Sanctions, ECF No. 66, at ¶¶ 49-62).

On April 30, 2021, Defendants filed a motion for sanctions and to compel the requested medical documents or executed HIPAA authorizations within five days.  (*Id.* at ¶¶ 71-72).  After the briefing concluded, I granted the motion on June 24, 2021,[5] and ordered Butt to provide Defendants with executed authorizations within five days and to pay $500 as reasonable

---

[5]  The clerk docketed the Order the following day, June 25, 2021.

expenses incurred by Defendants due to her noncompliance with my November 23, 2020, Order. (Order, ECF No. 75).

At approximately 9:00 p.m. on June 30, 2021, at the conclusion of a deposition in this matter, counsel for the parties, with Butt present, engaged in a meet-and-confer to discuss the HIPAA authorizations, which Butt had not yet provided. (Defs.' Sec. Mot. for Sanctions, ECF No. 76, at ¶¶ 59-60). Butt's counsel agreed to produce executed authorizations by midnight, as well as records from a new medical provider that Butt had not previously disclosed. (*Id.* at ¶ 61). Defendants' counsel advised that if Butt did not provide the authorizations by midnight, Defendants would file the instant motion. (*Id.* at ¶ 62). Butt's counsel emailed Defendants' counsel at 10:10 p.m. stating that he had the authorizations "ready to go" but was awaiting confirmation from Butt regarding use of her electronic signature. (*Id.* at Ex. K). He indicated that he would provide the authorizations "first thing in the morning if she does not respond tonight." (*Id.*). After Butt failed to provide the signed authorizations by the afternoon of July 1, 2021, Defendants filed this motion at approximately 4:14 p.m. (*Id.* at ¶ 64; Defs.' Reply, ECF No. 82, at 4). At 4:39 p.m.,[6] Butt's counsel emailed Defendant's counsel, attaching the signed authorizations, representing that Butt had been in the hospital all day and requesting that Defendants withdraw their motion. (Pl.'s Resp., ECF No. 78, at Ex. B). On July 9, 2021, Defendants subpoenaed documents from the medical providers listed in the authorizations. (Pl.'s Resp., ECF No. 78, at Ex. C). After Defendants refused to withdraw the motion, Butt filed her response on July 15, 2021, to which Defendants replied on July 21, 2021. (Pl.'s Resp., ECF No. 78; Defs.' Reply, ECF No. 82).

---

[6] Defendants' reply indicates that Butt's counsel forwarded the authorizations at 4:39 p.m. The email itself indicates that it was not sent until 8:38 p.m. (Pl.'s Resp., ECF No. 78, at Ex. B).

II.    **LEGAL STANDARD**

When a party from whom discovery is sought fails to comply with a court order

compelling discovery, Rule 37 of the Federal Rules of Civil Procedure allow for the imposition

of sanctions.  The Rule provides:

> If a party . . . fails to obey an order to provide or permit
> discovery . . . the court where the action is pending may issue
> further just orders.  They may include the following:
>
>> (i) directing that the matters embraced in the order or other
>> designated facts be taken as established for purposes of the
>> action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or
>> opposing designated claims or defenses, or from
>> introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient
>> party; or
>>
>> (vii) treating as contempt of court the failure to obey any
>> order except an order to submit to a physical or mental
>> examination.

FED. R. CIV. P. 37(b)(2)(A).

"Instead of or in addition to the orders above, the court must order the disobedient party,

the attorney advising that party, or both to pay the reasonable expenses, including attorney's

fees, caused by the failure, unless the failure was substantially justified or other circumstances

make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C).

"The purpose of Rule 37 sanctions is to: (1) ensure that a party will not benefit from its

own failure to comply, (2) serve as a specific deterrent . . . , and obtain compliance with a

particular Order issued, and (3) serve as a general deterrent effect on the case at hand and on

other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).  A court has broad authority to issue sanctions for failure to comply with discovery orders.  However, the broad discretion to impose sanctions pursuant to Rule 37 is limited by the requirements that the sanctions be "just" and that they be "specifically related the particular claim which was at issue in the Order to provide discovery."  *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) (further quotations omitted).  In general, "courts should strive to select sanctions that are responsive to the nature of the violation, to the relative culpability of the mental state that accompanied the violation, and to the kind of harms the violation caused or threatens."  7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.41 (Matthew Bender 3d ed.).

## III.   DISCUSSION

According to Butt, because she has now provided signed HIPAA authorizations, "Defendants are wasting the Court's and Plaintiff's time and resources by presenting an issue that is moot."  (Pl.'s Resp., ECF No. 78, at 1).  She contends that my June 24, 2021, Order directing production of signed authorizations within five days put her "in a difficult position" due to the fact that, "in a perfect world," she "preferred" that Defendants not receive "access to her entire medical file for the past ten years . . . ."  (*Id.*).  She claims that she was "happy to execute HIPAA authorizations at any time," but first wanted to review them to redact any irrelevant information, which is why she had attempted to obtain them directly from her medical providers. (*Id.*).  Butt indicates that she did not provide the authorizations after being court-ordered to do so because she had intended to file a motion for reconsideration until she "changed course"

following the meet-and-confer. (*Id.* at 2). She maintains that complying, even belatedly, with the Court's order "was not easy for Plaintiff" in light of her "fear" of Defendants. (*Id.*).

Butt asserts that dismissal of her claims would prove too harsh a sanction. (*Id.* at 3). She notes that the litigation has been pending for six years, including the administrative process, and insists that she "has established the failure to accommodate aspect of her claims . . . ." (*Id.*). She points out that the parties have taken substantial discovery and indicates that she has now produced all records related to her emotional distress claim and all other medical records except those at issue in this motion. (*Id.* at 4-5). She claims that she "has engaged in discovery in good faith" by attempting to obtain her medical documents directly from her providers. (*Id.* at 4). Butt concludes by offering to cover court reporter costs for any subsequent deposition of her necessitated by the belated production of the subpoenaed documents. (*Id.* at 5).

Defendants counter that Butt "has failed to show any justifiable reason as to why she failed to execute and return HIPAA authorizations within the time period designated by the Court." (Defs.' Reply, ECF No. 82, at 2). They observe that her alleged attempts to obtain medical documents directly from her providers does not excuse her failure to execute the authorizations. (*Id.* at 3). They further note that Butt never communicated any concerns to them regarding her reluctance to execute the authorizations until approximately 9:00 p.m. on June 30, 2021. (*Id.* at 3-4). According to Defendants, if she had voiced these concerns earlier, the parties could have met and conferred to address them. (*Id.* at 4). In addition, Defendants point out that Butt may not disregard an Order of the Court simply because she is considering moving for reconsideration of it and that they had not agreed to any extension of the deadline to provide the authorizations due to any contemplated motion by Butt. (*Id.* at 4-5).

Moreover, Defendants assert that Butt's hospitalization on July 1, 2021, does not excuse

her noncompliance with the Court's June 24, 2021, Order because she could have provided signed HIPAA authorizations at any time through June 30, 2021, including at the three-hour deposition held on that date. (*Id.* at 5). Indeed, they observe that Butt's counsel represented at 10:10 p.m. on June 30, 2021, that the authorizations were "ready to go." (*Id.*). Defendants also request records from a new medical provider disclosed to them by Butt on June 30, 2021, as well as the records relating to Butt's July 1, 2021, treatment. (*Id.* at 6). They refute Butt's contention that dismissal of her claims would be inappropriate given the six-year history of this litigation and point out that her claims place her medical condition and history at issue. (*Id.*). Defendants request that I strike Butt's ADA, FMLA, PHRA and Philadelphia Fair Practices Ordinance claims and all damages claims relating to her alleged emotional distress or other injuries. (*Id.* at 7). They further request that I award them $1,000 in fees and costs associated with their motion or, in the alternative, order Butt to "execute HIPAA authorizations that would permit Defendants to subpoena the requested records."[7] (*Id.*).

Butt sets forth no legally cognizable justification for her failure to provide HIPAA authorizations within five days of my June 24, 2021, Order. A reluctance to share confidential information with a litigation adversary is not a basis to flout the discovery rules, let alone a court order, nor is the fact that a party may be considering a motion for reconsideration of the order. If Butt preferred to redact irrelevant confidential information from her medical records before Defendants and their counsel viewed them, she should have attempted to reach an agreement to

---

[7] As noted, Plaintiff provided Defendants with the six executed HIPAA authorizations on July 1, 2021, and Defendants issued subpoenas to the medical providers referenced therein on July 9, 2021. (Pl.'s Resp., ECF No. 78, at Exs. B-C). The Court assumes that the additional HIPAA authorizations referenced by Defendants relate to the new medical provider disclosed on June 30, 2021, and Plaintiff's July 1, 2021, medical treatment.

that effect with them.  And if she truly planned, however ill-advisedly,[8] to seek reconsideration

of the June 24, 2021, Order, she should have moved to stay enforcement of it pending the

resolution of reconsideration.  Unilaterally deciding to disregard the Order was not an option.

Further, her July 1, 2021, hospitalization does not excuse her noncompliance with my Order.  As

Defendants note, she could have provided the executed HIPAA authorizations earlier.  By July 1,

Butt had already violated the June 24, 2021, Order, just as she had previously violated the four

earlier Orders to produce this same discovery.  Thus, by requiring Defendants to file motion after

motion seeking her medical documents or executed HIPAA authorizations, Butt, not Defendants,

is the one "wasting the Court's and [opposing party's] time and resources . . . ."  (Pl.'s Resp.,

ECF No. 78, at 1).

　　　None of Butt's purported reasons for failing to provide the executed HIPAA

authorizations by the court-ordered deadline render her noncompliance "substantially justified."

FED. R. CIV. P. 37(a)(5)(A)(2); *see also* 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

PRACTICE § 37.51 (Matthew Bender 3d ed.) (substantial justification for a party's failure to

comply with a discovery order may exist where "its disobedience: (1) was based on a good faith

and reasonable misunderstanding of its obligations pursuant to the order, (2) was only technical

or at the periphery of the order, and caused other parties to suffer no prejudice, or (3) was

attributable entirely to forces or circumstances beyond the party's control").  Therefore, under

Rule 37, I must award reasonable fees and costs incurred by Defendants.  FED. R. CIV. P.

---

[8]  Butt indicates that she contemplated moving for reconsideration to "request that the
Court assist, through an Order, Plaintiff's counsel in obtaining the medical records first, from the
third-party providers in possession of the same."  (Pl.'s Resp., ECF No. 78, at 2).  The Court fails
to see how this purported grounds for reconsideration would have been proper.  *See Hernandez
v. United States*, 608 F. App'x 105, 109 (3d Cir. 2015) ("The purpose of the motion for
reconsideration is to correct manifest error of law or fact or to present newly discovered
evidence.") (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

37(a)(5)(A).  I find their request for $1,000 a reasonable approximation of the expenses

necessitated by Butt's violation of the Order and direct payment of the same by Butt to Plaintiffs

within 30 days.

I also find that additional measures are required to prevent prejudice to Defendants.  *See*

FED. R. CIV. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit

discovery, . . . the court . . . may issue further just orders . . . ."); *see also* 8 CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2289 (3d ed. 2021) ("Rule

37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the

facts of the particular case.").  Butt acknowledges that the belated production of the medical

records may necessitate her appearance for a second deposition and that she should "cover the

cost of the Court Reporter so that there is [sic] no added costs to Defendants as a result."  (Pl.'s

Resp., ECF No. 78, at 5).  Accordingly, if Defendants wish to depose Butt[9] after receiving

additional medical records, Butt shall pay all expenses associated with the deposition, including

$2,000 in reasonable attorneys' fees for Defendants' counsel to prepare for and conduct the

deposition caused by her noncompliance.

Moreover, Butt has apparently not produced two other sets of medical records.  First, at

the June 30, 2021, meet-and-confer, Plaintiff's counsel indicated "that he received additional

medical records from a new medical provider of Plaintiff," but Plaintiff has not produced them to

Defendants.  (Defs.' Reply, ECF No. 82, at 6).  Second, Plaintiff was hospitalized on July 1,

2021, but she has not produced those medical records.  (*Id.* at 6-7).  To the extent that these

---

[9]  The fact discovery deadline passed on December 30, 2020, but by apparent mutual
agreement the parties have continued to conduct discovery, including depositions, beyond that
date.  (Order, ECF No. 54; *see also* Defs.' Reply, ECF No. 82, at 5 (referencing witness's June
30, 2021, deposition)).  The Court expressly authorizes a second deposition of Butt beyond the
fact discovery deadline.

records remain unproduced, Plaintiff shall provide them to Defendants within five days of the date of this memorandum and accompanying Order.  Because Plaintiff has a continuing duty to supplement her document production with additional responsive documents that come into her possession, custody, or control, and in light of her history of noncompliance with her discovery obligations in this matter, this Court shall treat any failure to turn over these documents[10] as a continuing violation of the relevant Orders issued in this matter rather than a "one-off" or "first-time" offense.  *See* FED. R. CIV. P. 26(e).

Defendants also ask me to strike Butt's ADA, FMLA, PHRA and Philadelphia Fair Practices Ordinance claims, which constitute nine of her 12 claims.  (Defs.' Reply, ECF No. 82, at 7; *see also* Am. Compl, ECF No. 16, at ¶¶ 205-65).  In addition, they request that I strike all damages claims relating to Butt's alleged emotional distress or other injuries.  (Defs.' Reply, ECF No. 82, at 7).  If granted, this relief would deprive Butt of three quarters of her claims and any right to collect for emotional or physical injuries.  Although Butt careens headlong toward such a sanction with each successive violation of the Court's Orders, the Court does not believe we have arrived – just yet – at the point that no lesser sanction than the effective dismissal of the majority of Butt's case will ensure her future compliance.  7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51[1] (Matthew Bender 3d ed.) ("Generally, courts are to impose the least severe sanction that will achieve the purposes of the sanctions rules in the circumstances of the case at hand.") (internal citation omitted).  Butt has, albeit extremely belatedly, provided the executed HIPAA authorizations at issue in the motion, and Defendants have identified no prejudice beyond having to take the additional deposition, for which Butt will

---

[10]  Presumably Butt received medical records relating to her July 1, 2021, hospitalization. To the extent that she did not, she may instead provide Defendants with an executed HIPAA authorization related to the event.

have to pay.  The Court is also ordering her to pay reasonable fees associated with the instant

motion and has forewarned her that it will treat any failure to produce the remaining medical

documents as a successive violation of the Court's Orders necessitating additional, escalating

sanctions.  The Court believes that these sanctions, as well as the guarantee of greater future

sanctions if Butt continues to flout the Court's Orders, suffice to obtain her compliance without

having to resort to depriving her of the right to an adjudication of the merits of her claims.  *See*

*id.* § 37.50[1][b] ("The due process considerations that are triggered by the imposition of severe

sanctions are plainly greater than those presented by the imposition of lesser sanctions.").


**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion for sanctions is granted in part and denied

in part.  I award Defendants $1,000 as reasonable expenses necessitated by Butt's

noncompliance with my June 24, 2021, Order, payable by Butt within 30 days of the date of this

memorandum and the accompanying order.  In addition, Defendants may depose Butt after

receiving additional medical records, and she shall pay all expenses for the deposition, including

$2,000 for Defendants' attorneys' fees.  Further, to the extent not already produced, within five

days of the date of this memorandum and the accompanying order, Butt shall produce all medical

records from her new provider referenced by her counsel at the June 30, 2021, meet-and-confer,

as well as those relating to her July 1, 2021, hospitalization.

In all other respects, the Court denies the motion.

BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

14