IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENECQUA BUTT, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 18-4770 |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY et al., | : | |
| | : | |
|     Defendant. | : | |

## EXPLANATION

On November 4, 2018, Plaintiff Shenecqua Butt sued Defendants Philadelphia Housing Authority ("PHA") and several PHA employees: Stacey Collins,[1] Carl McBride, Chris Thomas, Saul Cruz, Sharon Robinson, Brett Holden, Christian Nicoletti, Celeste Fields, and Kelvin Jeremiah (collectively, "Individual Defendants").[2] Plaintiff brings twelve claims:

- **Claim I**: Discrimination and Retaliation under 42 U.S.C. § 1981 ("Section 1981"), against PHA and Individual Defendants;

- **Claim II**: Race, Color, and Gender Discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against PHA;

- **Claim III**: Retaliation under Title VII, against PHA;

- **Claim IV**: State Law Discrimination on the basis of race, color, gender, and disability, under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951 *et seq.*, against PHA;

- **Claim V**: State Law Retaliation under the PHRA, against PHA;

---

[1] Stacey Collins is sometimes referred to in the filings and exhibits as Stacey Thomas, her maiden name.
[2] Butt alleges that all Individual Defendants were in supervisory positions. Individual Defendants do not dispute Butt's characterization that they were in supervisory roles.

1

- **Claim VI**: State Law Discrimination (aiding and abetting) on the basis of race, color, gender, and disability, under the PHRA, against Individual Defendants;

- **Claim VII**: Discrimination under the Americans with Disabilities Act ("ADA"), against PHA;

- **Claim VIII**: Retaliation under the ADA, against PHA;

- **Claim IX**: Discrimination under the Philadelphia Fair Practices Ordinance ("PFPO"), on the basis of race, color, gender, and disability, Phila. Code § 9-1103(1), against PHA and Individual Defendants;

- **Claim X**: Retaliation under the PFPO, against PHA and Individual Defendants;

- **Claim XI**: Discrimination (aiding and abetting) on the basis of race, color, gender, and disability, under the PFPO, against Individual Defendants;

- **Claim XII**: Interference with Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against PHA.

PHA and Individual Defendants move for summary judgment on all Butt's claims. Butt moves for summary judgment on claims VII and VIII (her ADA claims), as well as on claims IV, V, VI, IX, X, and XI (her state and local law claims) relating to disability discrimination and disability retaliation.

I.  **LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* The

moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Butt's discrimination and retaliation claims are adjudicated under the *McDonnell Douglas* burden-shifting framework. If a plaintiff employee makes out a prima facie case of discrimination or retaliation, the burden shifts to the defendant employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant carries this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are a pretext for discrimination. *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999).

## II. DISCUSSION

PHA and Individual Defendants move for summary judgment on all claims. This motion will be resolved as discussed below.

**Claim I**: Discrimination and Retaliation under Section 1981, against PHA and Individual Defendants.[3]

- **Discrimination Claim**: Section 1981 prohibits supervisors from discriminating against employees on the basis of race.[4] Butt does not argue that summary judgment is inappropriate on this claim, and she does not present evidence to show a genuine dispute of material fact regarding whether Individual Defendants' alleged actions were based on racial animus.

---

[3] PHA is not a proper defendant for Section 1981 claims. Therefore, summary judgment is granted for PHA as to this claim. There is no private right of action against the government under Section 1981. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 116 (3d Cir. 2009) (citing *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 733 (1989)). PHA is an agency of the Commonwealth of Pennsylvania and is therefore a state actor. *See City of Philadelphia v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 118-19 (3d Cir. 1993) (classifying PHA as a Commonwealth agency); *McField ex rel. Ray v. Philadelphia Housing Authority*, 992 F. Supp. 2d 481, 493 (E.D. Pa. 2014) (determining PHA is a state actor for purposes of Section 1983).

[4] *Ali v. Woodbridge Twp. School Dist.*, 957 F.3d 174, 180 (3d Cir. 2020) ("Section 1981 . . . prohibits employment discrimination on the basis of race[.]").

3

- **Retaliation Claim**: Section 1981 prohibits retaliation on the basis of a person's opposition to racial discrimination.[5] Butt engaged in protected conduct by way of her involvement in a race discrimination lawsuit against the Carpenters Union. Butt presents evidence that the Individual Defendants engaged in multiple acts of retaliation as a result of her participation in that lawsuit. Butt has demonstrated that a genuine dispute of material fact exists as to her retaliation claims under Section 1981.
- **Result**: Summary judgment is granted for PHA as to all Section 1981 claims. Summary judgment is granted for Individual Defendants on Butt's Section 1981 discrimination claims. Summary judgment is denied as to the Section 1981 retaliation claims against Individual Defendants.

**Claim II**: Race, Color, and Gender Discrimination under Title VII, against PHA.

- **Claim**: Title VII prohibits an employer from discriminating against an employee by taking an adverse action against them based on the employee's race, color, or gender (or other protected class). 42 U.S.C. § 2000e-2(a). Butt does not argue in her opposition to PHA's summary judgment motion that her race, color, and gender discrimination claims should survive summary judgment.
- **Result**: Summary judgment is granted for PHA as to Butt's Title VII race, color, and gender discrimination claims.

**Claim III**: Retaliation under Title VII, against PHA.

- **Claim**: Title VII retaliation exists where an employee engages in a protected activity, the employee is subjected to a materially adverse action (or a hostile work environment), and

---

[5] *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008) (holding that § 1981 "encompasses claims of retaliation").

there is a causal connection between the protected activity and the adverse action. *See* 42 U.S.C. § 2000e-3(a); *Komis v. Secretary U.S. Dep't of Labor*, 918 F.3d 289, 293 (3d Cir. 2019) (evaluating a retaliatory hostile work environment claim under Title VII). Butt's involvement in a race discrimination lawsuit against the Carpenters Union, her complaints with PHA human resources, her EEOC complaint, and this lawsuit may qualify as protected activities. Butt presents evidence that PHA supervisory employees engaged in multiple acts of retaliation against her.

- **Result**: Summary judgment is denied as to Butt's Title VII retaliation claim against PHA.

**Claim IV**: State Law Discrimination on the basis of race, color, gender, and disability, under the PHRA, against PHA.

- **Claim**: The PHRA is interpreted in the same way as Title VII (see Claim II) and the ADA (see Claim VII).[6]

- **Result**: Summary judgment is granted for PHA except as to Butt's disability discrimination claims (see Title VII and ADA discrimination sections).

**Claim V**: State Law Retaliation under the PHRA, against PHA.

- **Claim**: The PHRA is interpreted in the same way as Title VII and the ADA.

- **Result**: Summary judgment is denied (see Title VII and ADA retaliation sections).

**Claim VI**: State Law Discrimination (aiding and abetting) on the basis of race, color, gender, and disability, under the PHRA, against Individual Defendants.

---

[6] Discrimination and retaliation claims under the PHRA are generally interpreted in the same way as Title VII and ADA claims. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 n.8 (3d Cir. 2016) (PHRA and Title VII are evaluated under the same standard); *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 213 (3d Cir. 2015) (same); *Ostrowski v. Con-Way Freight, Inc.*, 543 Fed. App'x 128, 130 (3d Cir. 2013) (citing *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000)) (PHRA and ADA are evaluated under the same standard); *see also Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 n.6 (3d Cir. 2004) (same).

- **Claim**: The PHRA is interpreted in the same way as Title VII and the ADA. Butt alleges (and Defendants do not dispute) that Individual Defendants qualify as "supervisory employees" and can therefore be held liable under the PHRA's aiding and abetting provision. *See* 43 Pa. Stat. Ann. § 955(e); *see also Rosh v. Gold Standard Café at Penn, Inc.*, No. 16-1676, 2016 WL 7375014, at *7 (E.D. Pa. Dec. 19, 2016) (interpreting the PHRA's aiding and abetting provision to apply only to "supervisory employees").
- **Result**: Summary judgment is granted for Individual Defendants on all PHRA discrimination claims except as to Butt's disability discrimination claim (see Title VII and ADA discrimination sections).

**Claim VII**: Discrimination under the Americans with Disabilities Act ("ADA"), against PHA.

- **Claim**: ADA employment discrimination occurs when an employee is subjected to an adverse action on account of their disability, or when an employer fails to provide a reasonable accommodation for a disability. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1998). Butt reports that PHA failed to provide accommodations to her, and that she was ultimately terminated because of her disability. The evidence attached to Butt and Defendants' motions includes doctor's notes detailing Butt's capacity for physical work, PHA correspondence relating to her requests for leave, and other information relating to Butt's medical needs.
- **Result**: Summary judgment is denied on Butt's ADA claim against PHA.

**Claim VIII**: Retaliation under the ADA, against PHA.

- **Claim**: The ADA prohibits an employer from retaliating against an employee by taking an adverse action against the employee because of their participation in an activity protected by the ADA (which can include requesting reasonable accommodations). *Shellenberger v.*

*Summit Bancorp, Inc.*, 318 F.3d 183, 188, 190–91 (3d Cir. 2003). Butt alleges that she was terminated because she requested and took medical leave. PHA counters that Butt abandoned her job by exhausting her leave time and failing to return to work in late 2016.

- **Result**: Summary judgment is denied on Butt's ADA retaliation claim against PHA.

**Claim IX**: Discrimination on the basis of race, color, gender, and disability, under the PFPO, against PHA and Individual Defendants.

- **Claim**: The PFPO is interpreted in the same way as Title VII and the ADA.[7] The PFPO can hold individual defendants accountable for participating in an employer's discriminatory conduct.[8]

- **Result**: Summary judgment is granted for PHA and Individual Defendants except as to Butt's disability discrimination claims (see Title VII and ADA discrimination sections).

**Claim X**: Retaliation under the PFPO, against PHA and Individual Defendants.

- **Claim**: The PFPO is interpreted in the same way as Title VII and the ADA. As noted, the PFPO can hold individual defendants accountable for participating in an employer's discriminatory conduct.

- **Result**: Summary judgment is denied on Butt's PFPO retaliation claims against PHA and Individual Defendants (see Title VII and ADA retaliation sections).

**Claim XI**: Discrimination (aiding and abetting) on the basis of race, color, gender, and disability, under the PFPO, against Individual Defendants.

---

[7] *Smith v. Thomas Jefferson Univ.*, 2006 WL 1887984, at *3 (E.D. Pa. June 29, 2006) (applying *McDonnell Douglas* framework to PFPO claims); *Joseph v. Cont'l Airlines, Inc.*, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000) (analysis of a claim under Title VII applies in equal force to the PFPO)).
[8] Phila. Code § 9-1103(1)(g).

- **Claim**: The PFPO is interpreted in the same way as Title VII and the ADA. The PFPO can hold individual defendants accountable for aiding and abetting an employer's discriminatory conduct.[9]

- **Result**: Summary judgment is granted for Individual Defendants except as to Butt's disability discrimination claims (see Title VII and ADA discrimination sections).

**Claim XII**: Interference with FMLA, against PHA.

- **Claim**: To establish an FMLA interference claim, a plaintiff must show that they were entitled to benefits under the FMLA and that they were denied these benefits. *Sommer v. The Vanguard Group*, 461 F.3d 397, 399 (3d Cir. 2006) (citing *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005)). The parties dispute whether Butt was an "eligible employee" who had accrued enough work hours to claim FMLA leave. PHA does not present a full accounting of Butt's hours worked during the relevant period. There remains a genuine dispute of material fact as to the number of hours Butt worked in 2015 and 2016, and therefore whether Butt was an "eligible employee."[10]

- **Result**: Summary judgment is denied on Butt's FMLA claim against PHA.

### III.   CONCLUSION

The following claims will be tried:

- **Disability discrimination**, against PHA (under the ADA, the PHRA, and the PFPO), and against Individual Defendants (under the PHRA and PFPO's individual liability provisions);

---

[9] Phila. Code § 9-1103(1)(h).
[10] It may be PHA's burden to prove that Butt did not work the requisite hours. If "an employer does not maintain an accurate record of hours worked by an employee . . . the employer has the burden of showing that the employee has not worked the requisite hours." 29 C.F.R. § 825.110(c)(3).

- **Retaliation for ADA-protected activity** against PHA (under the ADA, the PHRA, and the PFPO), and against Individual Defendants (under the PHRA and PFPO's individual liability provisions);

- **Retaliation for Title VII-protected activity** against PHA (under Title VII, the PHRA, and the PFPO), and against Individual Defendants (under the PHRA and PFPO's individual liability provisions);

- **Retaliation for Section 1981-protected activity** (under Section 1981), against Individual Defendants;

- **FMLA interference**, against PHA.

An appropriate order follows.

        s/ANITA B. BRODY, J.
        ―――――――――――――――
        ANITA B. BRODY, J.
        February 14, 2024